ANNA A. HARDY ET AL. V. OLE HANSON ET AL.

No. 7050.

1. **Law of Descent in 1836.**—In 1836 in Texas upon death of an intestate leaving neither wife, child, nor mother, descent was cast upon the father.

2. **Charge.** — Plaintiffs deraigned title as heirs from the patentee. One of the plaintiffs had sold part of the tract, and to effect a sale she had made and procured affidavits that she was the sole heir. On the trial this plaintiff and another by depositions testified to facts showing the heirship of plaintiffs. The defendants introduced the affidavits for the purpose of showing good faith in possession, and to impeach the witness testifying differently from the affidavit made by her. There was nothing affecting the testimony of the other witness proving heirship. The court charged the jury that "they might consider the affidavits if they believe the same tended to contradict the evidence of any one of the witnesses who have testified in the case * * * and to give the said affidavits such credit and weight as the jury may think the same entitled to receive." The jury returned a verdict in effect that the plaintiffs are not entitled to recover "because they have not proved that they were entitled to inherit the same from any person." *Held*:

1. That the charge evidently was misleading.

2. The court should have granted a new trial, as the verdict was against the testimony.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.
The opinion states the case.

*S. H. Lumpkin*, for appellants.—1. The court erred in its charge in instructing the jury "that they might consider the affidavits if they believe the same tended to contradict the evidence of any one of the witnesses who have testified in the case, * * * and to give said affidavits such credit and weight as the jury may think the same entitled to receive," because the witness W. E. Jenkins can not be contradicted or impeached by the ex parte statements of other persons; and because said affidavits were offered by defendants only to show good faith improvements and to impeach the witness Mary Ann Cowart. Cowen & Hill's Notes to Phillips' Ev., vol. 3, p. 565.

2. Where the verdict of the jury and the judgment of the court is contrary to all the evidence adduced by depositions on the trial of the case this court will reverse; and if on appeal in civil cases it should appear from the record that it is not necessary that any further fact should be ascertained as to the damages to be assessed or matter to be decided between the parties, the court should also proceed to render such judgment or decree as the court below ought to have rendered, whether the cause was tried before a jury or before the court without a jury. Rev. Stats., art. 1048; Brownsville v. Basse, 43 Texas, 440; Henderson v. Jones, 1 Law Rev., p. 356; Thorn's Heirs v. Frazer's Heirs, 60 Texas, 259; Railway v. Schmidt, 61 Texas, 282; McKey v. Welch, 22 Texas, 390; Teal v. Terrell, 58 Texas, 257.

As to heirship: Rev. Stats., arts. 1645–1652; Goodrich v. O'Connor, 52 Texas, 375; Lee v. Smith, 18 Texas, 142; Prendergast v. Anthony, 11 Texas, 165.

*Jenkins & Robertson, William M. Knight,* and *Crane & Ramsey,* for appellees.—Touching upon the complaint of appellants on the fact that the court told the jury that the affidavits should be considered alone for the purpose of showing good faith, and if they believed they tended to contradict said witness, their contention being that the charge in express terms should have limited their application to Mary Ann Cowart, we submit that though the charge complained of may have been erroneous, appellant having failed to call the attention of the trial court to same by exception or special charge asked, the case ought not to be reversed for that reason. Railway v. Casey, 52 Texas, 112; Endick v. Endick, 61 Texas, 559; Ins. Co. v. Ende, 65 Texas, 118; Ins. Co. v. Ice Co., 64 Texas, 578.

FISHER, JUDGE, *Section B.*—This is an an action of trespass to try title and for partition, brought by W. E. Jenkins, Mrs. Hardy, and Mrs. Reynolds, joined by their husbands, against appellees Dunlop, Jergenson, H. N. Hanson, and the unknown heirs of F. H. Alley, for two-thirds of the southwest half of the Joseph L. Wilson 1345 acres survey.

The land in controversy was patented to the heirs of Joseph L. Wilson, who was killed with Fannin at Goliad, Texas. He was a single man at the time of his death, never having married. He left surviving him his father Joseph Wilson and John Wilson his brother, and Andrew Wilson and James Wilson, brothers of the half-blood, and Malinda Wilson, sister of the half-blood, these being children of Joseph Wilson by his second wife, formerly Mrs. Ross. The mother of Joseph L. Wilson died in 1827. The second Mrs. Wilson by her first marriage had six children—four of these, William Ross, Martha M. Ross, Mary Ann Ross, and Amelia T. Ross, living at the time of the death of Joseph L. Wilson. John Wilson, the full brother of Joseph L. Wilson, died in 1839, he at the time single, never having married. Mrs. Wilson (nee Ross) died in 1843. Joseph Wilson died in 1851. James Wilson died in 1855, single, never having married. Andrew J. Wilson died in 1864, single, never having married. Malinda Wilson married F. H. Alley. She died in 1857, leaving no children. Her husband survived her a few years and left surviving him no relations, as shown by the evidence. William Ross never married, and is dead. The time of his death is uncertain from the evidence. Martha Ross married Elias Jenkins. She died in 1879, and her husband died in 1869. At the time of her death she left surviving W. E. Jenkins and Mary E. Reynolds (nee Jenkins), both plaintiffs in the case. Amelia Ross mar-

ried Henry Ross. He died in 1857 and she died in 1866. She left surviving Anna T. Ross, who married Frank Hardy, both plaintiffs. Mary Ann Ross (now Mrs. Cowart) is living. The civil law being in force at the time of the death of Joseph L. Wilson, descent was cast upon his surviving parent Joseph Wilson. The death of Joseph Wilson in 1851 placed the title by descent in his surviving children, Andrew, James, and Malinda Wilson. Upon the death of these children without issue the next in line of descent as shown by the evidence are their sisters of the half-blood, Mrs. Cowart, Mrs. Jenkins, and Mrs. Amelia Ross. It is the surviving children of Mrs. Jenkins and Mrs. Ross who bring this suit.

It seems from the evidence that Mrs. Cowart sold part of the land to defendants, and that she made and procured affidavits wherein she was represented to be the sole heir of the Wilsons. The evidence establishing the heirship of the plaintiffs was proved by Mrs. Cowart and W. E. Jenkins. As appears from the record, this was all the evidence introduced at the trial of the case, except the affidavits of heirship previously made by Mrs. Cowart, wherein it is stated that she is the sole heir of the Wilsons; which were introduced by the defendants for the purpose of showing the good faith of the defendants in placing improvements on the land, and for the further purpose of discrediting the testimony of Mrs. Cowart, she having by depositions testified fully to the heirship of plaintiffs as herein stated. The jury returned a verdict stating in effect that the plaintiffs are not entitled to recover, because "they have not proved that they are entitled to inherit the same from any person."

The court in its charge to the jury among other things instructed them that "they might consider the affidavits if they believe the same tended to contradict the evidence of any one of the witnesses who have testified in the case,  *  *  *  and to give to said affidavits such credit and weight as the jury may think the same entitled to receive."

The evidence of W. E. Jenkins traces the heirship of the plaintiffs as fully as does the testimony of Mrs. Cowart. It is not pretended that Jenkins was a party to these affidavits or connected with them in any manner. The testimony of Mrs. Cowart and Jenkins constitutes the entire evidence in the record, and uncontradicted, except in so far as the affidavits may affect the credibility of the testimony of Mrs. Cowart, it is difficult to understand why the jury found that the plaintiffs had not proved heirship, unless they considered the charge of the court with reference to the affidavits authorized them to regard the affidavits as effective in discrediting the evidence of Jenkins as well as that of Mrs. Cowart. If the affidavits were admissible they could not be considered for the purpose of affecting the evidence of witness Jenkins. His testimony stands uncontradicted in the record in proof of the heirship of the plaintiffs in the case.

A motion was made asking the court to grant a new trial, because the verdict of the jury was against the weight of the evidence, for the reason that the testimony established the heirship of plaintiffs and their consequent right of title by inheritance in the land.

Many other questions are presented by the assignments of errors. But we will reverse this case on account of the error of the court in its charge in the particular mentioned, and because it refused to grant the motion for new trial.

*Reversed and remanded.*