ANNA A. HARDY ET AL. V. T. L. DUNLAP.

No. 1600.

1. **Limitations—Five Years' Statute—Coverture.**—Where a defendant who has been for several years in possession of land that belongs to a woman takes a sheriff's deed therefor, made after the woman has married, such deed, because of her coverture, will not support the five years' statute of limitations, though possession be held for that time after its record.

2. **Same—Ten Years' Possession—Revised Statutes.**—Where the ten years' actual possession of land was not complete at the time of the adoption of the Revised Statutes, September 1, 1879, the possessor's right was thereby reduced from 640 to 160 acres, unless more than 160 acres was actually inclosed, or held under some recorded memorandum of title defining its boundaries.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*S. H. Lumpkin,* for appellants.—Defendant could not avail himself of the five years' statute at all; nor of the ten years' statute for more than 160 acres. Forsod v. Golson, 77 Texas, 666; Mhoon v. Cain, 77 Texas, 317; Moody v. Butler, 63 Texas, 212; McDougal v. Bradford, 80 Texas, 558.

*Crane & Ramsey, Jas. M. Robertson,* and *W. M. Knight,* for appellee.—The court did not err in instructing the jury to find for the defendant, because the uncontroverted evidence shows that the defendant Dunlap and his vendor, Brynie, had been in the exclusive adverse possession of the land since May or June, 1870, and had been holding under a deed defining boundaries to one-half of 1345 acres, recorded since May 5, 1876. Craig v. Cartwright, 65 Texas, 413.

The fact that the statute of ten years' limitation was changed before Brynie had acquired title to 640 acres under the former statute

will not prevent him and his vendee from acquiring title to the limits fixed in the deed taken by Brynie in 1876 under the provisions of the present statute. Craig v. Cartwright, 65 Texas, 413; Pearson v. Boyd, 62 Texas, 541; Rev. Stats.; art. 3195.

TARLTON, CHIEF JUSTICE.—On a former appeal to our Supreme Court this cause was remanded. Hardy v. Hanson, 82 Texas, 101.

After the judgment of reversal, all matters in controversy were so settled as that the issues involved now concern exclusively the appellant Anna A. Hardy, wife of F. W. Hardy, and the appellee, T. L. Dunlap, one of several former defendants.

The land in controversy is an undivided interest in 257½ acres, all of which is claimed by the appellee, Dunlap, and is a part of the Joseph L. Wilson 1345 acres survey, lying in Bosque County. The survey was patented to the heirs of Joseph L. Wilson.

It seems to be admitted that the plaintiff and appellant Anna A. Hardy is entitled to an undivided interest, unless either the plea of five or ten years' limitation, both of which are relied upon by the appellee, should prevail. The effect of these pleas plaintiff seeks to avoid by the replication of coverture.

The trial court instructed the jury, that "the evidence clearly shows that she (Mrs. Anna A. Hardy) is barred by the statutes of five and ten years' limitation." This instruction is assigned as error.

The claim of the defendant and appellee, Dunlap, rests upon the following facts: One A. A. Brynie, under whom he claims, took possession in May or June, 1870, putting in cultivation about forty acres, but leaving at least fifty acres out of the 227 acres unfenced. On May 2, 1876, Brynie took a sheriff's deed to the land, sold as the property of one Melinda Cowan, who, however, owned no interest in it. This deed was recorded on May 5, 1876. On June 12, 1879, Brynie purchased the interest of Mary Ann Cowert, and took deed from her and her husband G. F. Cowert. Mrs. Cowert was one of the heirs of Joseph L. Wilson. On January 24, 1882, A. A. Brynie conveyed the land to T. L. Dunlap, appellee.

It seems that Brynie and Dunlap have held possession in the manner indicated until the institution of this suit, April 13, 1887.

Mrs. Anna A. Hardy was married to her present husband September 22, 1870. As she was under coverture at the date of the first deed, the sheriff's conveyance under which the defendant claims, it is manifest that the statute of limitations of five years can not avail the defendant.

With reference to the plea of ten years' limitation, our present statute reads as follows: "The peaceable and adverse possession contemplated in the preceding article, as against the person having right of action, shall be construed to embrace not more than 160 acres, including the improvements or the number of acres actually inclosed, should

the same exceed 160 acres; but when such possession is taken and held under some written memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be coextensive with the boundaries specified in such instrument."

This article, which became operative September 1, 1879, reduced the benefits of naked possession from 640 acres, as prescribed by the former law (Paschal's Digest, article 4624), to 160 acres; and as, at the date when it took effect, possession in the guise of a naked possessor had not been held by the defendant for the requisite period to entitle the claimant to 640 acres, it follows that he must be restricted to 160 acres, unless his possession can be referred to a deed or written memorandum of title, and thus be made to include all the land in controversy.

The first conveyance under which defendant claims was subsequent to the coverture of Mrs. Hardy, the plaintiff, and consequently we conclude that the possession taken and held under that deed could not be regarded as adverse to her. It follows that the jury were misled by the court in awarding to the defendant the benefits of ten years' limitation with reference to all of the land sued for.

We deem it unnecessary to consider the remaining assignments of error; but for the reason stated, we order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 23, 1894.